Cheryl Johnson-Hartwell (SBN 221063)
E-mail: cjohnson-hartwell@bwslaw.com
Susan V. Arduengo (SBN 293946)
E-mail: sarduengo@bwslaw.com
Stephanie A. Quartararo (SBN 317976)
E-mail: squartararo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MEADOWS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1-50 inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT [28 U.S.C. §§ 1332, 1441, 1446]**<br><br>[Concurrently filed with Declaration of Stephanie A. Quartararo; Civil Cover Sheet; Notice of Interested Parties; and Disclosure Statement] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. ("Walmart") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. This case is being removed upon grounds of complete diversity of citizenship and as follows.

///

///

## I.    PROCEDURAL HISTORY

1.    On February 26, 2021, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled Willie Meadows, an individual, Plaintiff vs. Wal-Mart Associates, Inc., a Delaware Corporation, and DOES 1 THROUGH 50, inclusive, Defendants, and docketed as Case No. 21STCV07849.

2.    Walmart denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Walmart does not waive any defenses that may otherwise be available to it. While Plaintiff's Complaint does not clearly specify the amount of damages he seeks, it pleads claims for: (1) Unlawful Retaliation; (2) Retaliation in Violation of Public Policy; (3) Wrongful Termination in Violation of Public Policy; (4) Harassment in Violation of the FEHA; (5) Discrimination in Violation of the FEHA; (6) Retaliation in Violation of FEHA; (7) Failure to Prevent Harassment, Retaliation, and Discrimination in violation of FEHA; (8) Failure to Accommodate Disability in Violation of FEHA; and (9) Failure to Engage in the Interactive Process in Violation of FEHA.  A true and correct copy of the Complaint is attached to the concurrently filed Declaration of Stephanie A. Quartararo ("Quartararo Declaration") as **Exhibit "A"** pursuant to 28 U.S.C. § 1446(a).

3.    On March 2, 2021 copies of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment were served on Defendant Wal-Mart Associates, Inc. True and correct copies of these documents are attached to the concurrently filed Quartararo Declaration as **Exhibit "B"** pursuant to 28 U.S.C. § 1446(a).

4.    On March 29, 2021 Defendant Walmart sent to its legal service provider its Answer to Plaintiff's Complaint to be filed.  A true and correct copy of Defendant Walmart's Answer to Plaintiff's Complaint is attached to the concurrently filed Quartararo Declaration as **Exhibit "C"** pursuant to 28 U.S.C. §

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

IRV #4827-1188-8354 v2                    - 2 -        CASE NO.
                                                       NOTICE OF REMOVAL TO FEDERAL COURT

1446(a).

5.    Pursuant to 28 U.S.C. section 1446(a**), Exhibits "A," "B," and "C,"** attached to the concurrently filed Quartararo Declaration constitute all process, pleadings, and orders served upon or by Defendant Walmart. (Quartararo Decl. at ¶ 5.)

## II.    TIMELINESS OF REMOVAL

6.    This Notice of Removal is timely in that it is filed within thirty (30) days from March 2, 2021 the date Defendant Walmart was served with the Summons and Complaint.  28 U.S.C. § 1446(b)(1).

## III.    BASIS FOR REMOVAL

7.    This Court has original jurisdiction over this civil suit under 28 U.S.C. section 1332(a), and it may be removed to this Court by Walmart pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship

8.    For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9.    Plaintiff resides in Los Angeles County, California. (Complaint, ¶ 2.) Plaintiff alleges that the purported unlawful acts occurred in Los Angeles County California. (Complaint, ¶ 6.)

10.    A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183-84 (2010).  In practice, this location will be "where the corporation maintains

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

IRV #4827-1188-8354 v2

- 3 -

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

its headquarters." *Id*.

11.     At the time the Complaint was filed and at the time of this notice, Walmart was and is a corporation incorporated under the laws of the State of Delaware.  (Quartararo Decl. ¶ 6 and **Exhibit "D"** attached thereto.)  At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for Walmart Inc. were and are located in the State of Arkansas.  *Id.*

12.     Walmart Inc. is not a citizen of the State in which this action is pending and is a citizen of a different State than Plaintiff.

13.     There are no other identified defendants. Defendants designated as DOES 1 through 10 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal.  For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See*, 28 U.S.C. § 1441(a); *McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**B.     Amount in Controversy**

14.     District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id*.

15.     To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  *Singer v. State Farm Mut. Auto. Ins. Co.*,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

IRV #4827-1188-8354 v2                           - 4 -      CASE NO.
                                                            NOTICE OF REMOVAL TO FEDERAL COURT

116 F.3d 373, 377 (9th Cir. 1997).  In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

16.    When determining whether the removing defendant has met this burden, the court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal…[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citation and quotation marks omitted). *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."). Additionally, the removing defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015)

17.    Here, Plaintiff claims that Walmart associates harassed him because of his disability, discriminated and retaliated against him because of his disability, failed to engage in the interactive process with him, failed to accommodate his disability, failed to prevent discrimination, violated his rights under FEHA, and wrongly terminated his employment. (Complaint at Caption, ¶¶ 13-28.)  Plaintiff further states in his Complaint that he suffers from emotional distress. (Complaint, ¶¶ 9, 16, 26, 36.) Plaintiff seeks to recover attorney's fees and costs. (Complaint, ¶¶ 19, 29, 39, 47, 53, 60, 65, 74, 83; Prayer for Relief.)  Plaintiff also seeks punitive damages.  (Complaint, ¶¶ 10, 17, 27, 37, 46, 52, 59, 73, 83; Prayer for Relief.)  Finally, Plaintiff seeks statutory and civil penalties for the alleged violations. (Complaint, Prayer for Relief.)

///

***Past and Future Lost Wages***

18.     Plaintiff alleges he worked for Walmart as a quality assurance associate until or about November 5, 2020. (Complaint, ¶ 7) At the time of his termination, Plaintiff earned approximately $22.25 per hour. Although Plaintiff was on leave at the time of his termination, prior to his leave he worked, on average, 80+ hours per 2-week pay period. (Quartararo Decl. ¶ 7 and **Exhibit "E"** attached thereto.)   As of the date of this Notice, there have been approximately 21 weeks for which Plaintiff may claim lost pay.  Based on a 40 hour workweek, the amount of lost wages since his termination equals **$18,690** ($22.25 per hour x 40 hours per week x 21 weeks). This amount does not include any claims he makes for lost benefits, raises, or other forms of compensation he would have received had he remained in his employment position. *See Melendez v. HMS Host Family Rests., Inc.*, 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (The Court may also include other benefits in the lost wages analysis.) In addition, given that the trial date has not yet been set, and that it is unknown whether Plaintiff will be unemployed until that time, additional lost wages and benefits may accrue.

19.     In the event Plaintiff is successful in his claims, he could recover front pay for a period of time into the future.  *See Traxler v. Multnomath County*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in wrongful termination suit); *Ackerman v. Western Elec. Co., Inc.,* 643 F. Supp. 836, 856 (N.D. Cal. 1986) (finding three years of front pay appropriate in a discrimination case); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years front pay from termination); *Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years from the date of termination).  Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, the amount of future wages in controversy in this case

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

IRV #4827-1188-8354 v2

- 6 -

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

would amount to **$92,560** ($22.25 per hour x 40 hours per week x 104 weeks). Combined, lost wages as of April 1, 2021 and front wages for two years total **$111,250**. Plaintiff's lost wages alone satisfies the amount in controversy requirement.

### *Punitive Damages*

20.     Plaintiff is seeking punitive damages. (Complaint, ¶¶ 10, 17, 27, 37, 46, 52, 59, 73, 83; Prayer for Relief.) Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint. *Haldiman v. Cont'l Cas. Co.*, 666 Fed. Appx. 612, 613-14 (9th Cir. 2016). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). Punitive damages are available in FEHA cases. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 693 (2009).

21.     Punitive or exemplary damages are intended to punish and are often based upon the net worth of the defendant.  The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. *Bertero v. National General Corp.*, 13 Cal.3d 43, 65 (1974); *Weeks, supra*, 63 Cal.App.4th at 1166; *Downey Savings & Loan Assn. v. Ohio Casualty Ins. Co.*, 189 Cal.App.3d 1072, 1099-1100 (1987).  Walmart Associates, Inc. is a wholly-owned subsidiary of Walmart Inc.  Walmart Inc. is a publicly traded corporation that frequently tops the list of the Fortune 100 companies.  (See http://fortune.com/fortune500/).

### *Emotional Distress*

22.     Plaintiff is seeking to recover an emotional distress award. (Complaint, ¶¶ 9, 16, 26, 36.) While Plaintiff has not pled the precise amount of emotional damages he is seeking, similar case examples show the amount can easily exceed the jurisdictional minimum of $75,000. *See Young v. Los Angeles Community*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

IRV #4827-1188-8354 v2

- 7 -

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

*College Dist.*, Los Angeles Super. Ct. Case No. BC396785, 2011 WL 6305043 (February 17, 2011) (plaintiff awarded $150,000 for emotional damages); *Campbell v. National Passenger Railroad Corporation*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action could add at least an additional $25,000 to plaintiff's claim); *Ismen v. Beverly Hosp.*, No. BC366198 (L.A. Super. Ct. Aug. 13, 2008) (awarding $113,100 in emotional distress damages); *Kolas v. Access Bus. Grp. LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (awarding plaintiff $200,000 in emotional distress damages); *Plata v. Target Corp.*, 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

### ***Attorneys' Fees***

23.     Plaintiff is seeking attorneys' fees. (Complaint, ¶¶ 19, 29, 39, 47, 53, 60, 65, 74, 83; Prayer for Relief.)  In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Because attorneys' fees are recoverable to the prevailing party under Plaintiff's claims, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy.  *See*, Cal. Govt. Code § 12965; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).

24.     Plaintiff's attorneys' fees alone for discovery and the trial of this case

will likely exceed $75,000.00.  *See*, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the damages); *Sawyer v. Retail Data, LLC, et al.,* 2015 WL 3929695, at *2-3 (C.D. Cal. April 29, 2015) (plaintiff's post-removal attorneys' fees are part of the "amount at stake" in the action; $84,000 attorneys' fees estimate deemed reasonable); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (Quotations omitted); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (considering post-removal attorneys' fees).

### *Civil Penalties*

25.    Plaintiff also seeks an undefined amount of statutory and civil penalties. (Complaint, Prayer for Relief.)

26.    Walmart does not concede Plaintiff's claims have any merit, and provides the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, far exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a).

## IV.    VENUE

27.    Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court.  28 U.S.C. § 1441(a).

## V.    NOTICE TO STATE COURT AND PLAINTIFF

28.    Promptly after filing this Notice of Removal with this Court, Walmart will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

IRV #4827-1188-8354 v2

- 9 -

CASE NO.
NOTICE OF REMOVAL TO FEDERAL COURT

Angeles Superior Court, as required by 28 U.S.C. section 1446(d).

## VI.   CONCLUSION

29.   Walmart therefore removes the civil action filed in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:        April 1, 2021                    BURKE, WILLIAMS & SORENSEN, LLP


                                               By:/s/ *Stephanie A. Quartararo*
                                                  Cheryl Johnson-Hartwell
                                                  Susan V. Arduengo
                                                  Stephanie A. Quartararo
                                                  Attorneys for Defendant
                                                  WAL-MART ASSOCIATES, INC.