# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 02:21-CV-02831-RGK (MRWx) | Date | July 7, 2021 |
|---|---|---|---|
| Title | ***WILLIE MEADOWS v. WAL-MART ASSOC. INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams (not present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On February 26, 2021, Willie Meadows ("Plaintiff") filed a complaint against Wal-Mart Associates, Inc. ("Defendant") alleging common law and state statutory claims based on disability discrimination, retaliation, harassment, and wrongful termination.

On April 1, 2021, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages for lost wages, loss of employment related opportunities, general and special damages, and damages for emotional distress and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's hourly rate, his back pay to date is $18,690. Defendant then states that including all other requested damages, including front pay, emotional distress, and punitive damages, the amount in controversy exceeds the jurisdictional minimum.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 02:21-CV-02831-RGK (MRWx) | Date | July 7, 2021 |
|---|---|---|---|
| Title | ***WILLIE MEADOWS v. WAL-MART ASSOC. INC.*** | | |

Defendant fails to plausibly allege that the amount in controversy exceeds $75,000. With $18,690 as a starting point, and vague, speculative assertions regarding front pay, emotional distress, and punitive damages, the Court finds that Defendant fails to meet its burden on removal.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                            :

Initials of Preparer